IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>v.<br><br>LAURIE JEAN MARTIN,<br><br>      Defendant. | Case No. 21-CR-047-JFH |

**OPINION AND ORDER**

Before the Court is Defendant Laurie Jean Martin's Appeal of the United States Magistrate Judge's detention order. Dkt. No. 23. Defendant is currently being detained pending trial, and requests that the Court review the Magistrate Judge's detention order. *Id*. For the reasons set forth below, the Court finds that no condition or combination of conditions will alleviate the risk of danger to the community if Defendant were released and affirms the Magistrate Judge's decision to detain her pending trial.

**I.     BACKGROUND**

On March 18, 2021, a Criminal Complaint was filed charging Defendant with murder in Indian County, in violation of 18 U.S.C. §§ 1151, 1153 and 1111(a). Dkt. No. 1. Defendant allegedly participated in the murder of Chivas Piggee. *Id.* The Complaint alleges that Defendant drove the victim to her home, where two accomplices were waiting; the accomplices challenged the victim to a fight and he fled; encouraged by Defendant, the accomplices chased, captured, assaulted, battered, and stabbed the victim; and the victim died as a result of the attack. *Id.* at 2. A detention hearing was held on April 6, 2021. Dkt. No. 21; Dkt. No. 24. At the detention hearing, Defendant's counsel argued that Defendant was not a flight risk and that conditions of release could be fashioned to protect the community. *See* Dkt. No. 24 at 3-7.

The Magistrate Judge found that, in light of Defendant's family ties and support, conditions could likely be fashioned to reasonably assure that Defendant was not a flight risk. Dkt. No. 24 at 7. However, based on the nature and circumstances of the charged offense and Defendant's criminal history, including allegations that she committed a crime while in custody, the Magistrate Judge concluded that Defendant posed a risk of danger to the community and ordered her detained. *Id.*; Dkt. No. 22. Defendant now challenges the Magistrate Judge's detention order. Dkt. No. 23.

## II.   STANDARD

A criminal defendant may challenge a magistrate judge's detention order by moving to revoke or amend the detention order in the court with original jurisdiction over the offense. *See* 18 U.S.C. § 3145(b) ("If a person is ordered detained by a magistrate judge, or by a person other than a judge of a court having original jurisdiction over the offense and other than a Federal appellate court, the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order."). The Court reviews such challenges *de novo*.[1] *United States v. Cisneros*, 328 F.3d 610, 616 n. 1 (10th Cir. 2003).

## III.   DISCUSSION

In determining whether to release or detain a criminal defendant pending trial, the Court must determine whether there are conditions or a combination of conditions that will assure the appearance of Defendant and protect the safety of any other person or the community. *See* 18 U.S.C. § 3142(f). In doing so, the Court considers: (1) "[t]he nature and circumstances of the offense charged, including whether the offense is a crime of violence;" (2) "[t]he weight of the

---

[1] The Court may, in its discretion, hold an evidentiary hearing on a challenge to the magistrate judge's detention order. *See United States v. Oaks*, 793 Fed. Appx. 744, 747 (10th Cir. 2019). Here, neither party has requested a hearing and the Court finds that the factual record is sufficient to conduct a *de novo* review.

evidence against the person;" (3) "[t]he history and characteristic of the person," including "[t]he person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings;" and "[w]hether, at the time of the current offense, or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal or completion of sentence for an offense under Federal, State, or local law;" and (4) "[t]he nature and seriousness of the danger to any person or the community that would be posed by the person's release."  18 U.S.C. § 3142(g).

As to the first factor, the nature and circumstances of the offense charged, the Court notes that Defendant is charged with the murder of Chivas Piggee [Dkt. No. 1; Dkt. No. 27], which was a crime of violence.  *See* 18 U.S.C. § 16 (defining the term "crime of violence" to include "an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another," or "any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.").  Defendant correctly points out that the nature and circumstances of the charged offense, alone, is an insufficient basis for detention.  Dkt. No. 23 at 7-8.  However, it is one factor to be considered in determining whether pretrial detention is warranted, and in this case, it weighs in favor of pretrial detention.

As to the second factor, the Government argues that the weight of the evidence weighs in favor of detaining Defendant because she was previously convicted of First-Degree Manslaughter in state court on the same factual basis.  Dkt. No. 24 at 2; Dkt. No. 31 at 2.  Defendant contends that, because her state court conviction was invalidated, she is presumed innocent of that offense and the conviction cannot be used as a basis for her detention here.  Dkt. No. 23 at 8.  The Court

agrees that Defendant is presumed innocent of the charges in this case until she is adjudicated guilty and makes no presumptions about her guilt or innocence based on her prior manslaughter conviction. However, when assessing the strength of the evidence of the charged conduct for purpose of considering whether to release or detain Defendant pending trial, the Court may consider the fact that there was sufficient evidence presented at trial for a jury to convict Defendant of manslaughter for the same conduct that forms the basis for the instant charge. On this basis the Court concludes that the weight of the evidence against Defendant for the instant charge weighs in favor of detention.

Regarding the third factor, Defendant's history and characteristics, the Pretrial Services report includes a recommendation that Defendant be detained based on a history of violent behavior, reflected in her and her criminal history. In 2005, Defendant was convicted of domestic assault and in 2014, Defendant was convicted of "threat[ening] to perform violence." Also relevant is a pending charge from 2020 for possessing a cell phone in a penal institution. Dkt. No. 23 at 6-7; Dkt. No. 24 at 5-6. Based on the two prior convictions for violent crimes and the pending charge for a crime committed while Defendant was in custody, the Government argues that this factor weighs in favor of detention. Dkt. No. 31 at 2.

Defendant maintains that the 2005 conviction is stale and that the 2014 conviction for threatening violence does not constitute a prior violent crime. Dkt. No. 23 at 6-7. She also contends that the pending charge for possessing a cell phone while incarcerated has not been proven and cannot therefore weigh in favor of detention. *Id.* Finally, Defendant claims that she has strong ties to the community. Dkt. No. 23 at 5. Defendant notes that, prior to her arrest for the instant offense, she was consistently employed as a waitress and had owned her home seven years. *Id.* According to Defendant, she has strong family ties in Oklahoma, including those with

her brothers, their children, her daughters, her mother, and her stepfather. *Id.* Defendant states that if released, she could live with her mother and stepfather, who have the resources, means, and willingness to support her success on bond. *Id.* at 6.

Notwithstanding her ties to the community and family support, the Court finds that Defendant's two prior convictions for violent crimes, along with the charged conduct in the instant case are sufficient to demonstrate a pattern of violent behavior by Defendant. Moreover, the Court finds concerning the recent allegations of crime committed with in custody. Accordingly, this factor weighs in favor of detention.

As to the fourth factor, the Court must consider the nature and seriousness of the danger to any person or the community posed by releasing defendant pending trial. Neither party expressly addresses this factor. Dkt. No. 23; Dkt. No. 31. Given the severity of the offense charged in this case, and Defendant's criminal history, the Court finds that Defendant would likely pose a serious risk of danger to the community if she were released pending trial.

Based on its *de novo* review, the Court concludes that Defendant has strong family and community ties and conditions could likely be fashioned to assure that Defendant did not pose a flight risk. However, considering the nature and circumstances of the charged offense, Defendant's criminal history, the weight of the evidence against Defendant, and the seriousness of the danger to the community, the Court further concludes that there are no conditions or combination of conditions that will protect the safety of the community if Defendant were released.

**IT IS THEREFORE ORDERED** that Defendant's Appeal of Magistrate Judge's Decision [Dkt. No. 23] is **DENIED**.

Dated this 20th day of April 2021.

_____
JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE